

Joseph Franck
Partner
T 973 585 7720
jfranck@itfirm.law

EQUITY PARTNERS
John P. Inglesino*
John P. Wyciskala*
Lisa D. Taylor*
Denis F. Driscoll
Justin A. Marchetta
Derek W. Orth
*FOUNDING PARTNER

May 10, 2024

**VIA PACER**
District Court of New Jersey
Marting Luther King Building & U.S. Courthouse
50 Walnut Street, Room 4015
Newark, New Jersey 07101

   RE: *In re Subpoena to the U.S. Department of Health and Human Services, Office of Inspector General*

**Misc. Case No.:** 2:24-mc-33(MEF)

Dear Honorable Judge(s):

  This firm is counsel to Petitioner, Morris County (the "County" or "Petitioner") as it relates to the above-referenced matter. As instructed by the District of New Jersey's Clerk's Office[1], please accept this correspondence in furtherance of the County's Petition to Open a Miscellaneous Case (the "Petition")—that has been filed concurrently herewith—for the limited purposes of the issuance and, to the extent necessary, enforcement of a Federal Subpoena *Duces Tecum* (the "Subpoena") to the U.S. Department of Health and Human

---

[1] The County's Counsel was advise to file correspondence, not a brief or complaint, for the issuance of the subpoena contemplated by this application and for the opening of a Miscellaneous Case Number.

600 Parsippany Road, Suite 204, Parsippany, NJ 07054-3715 / O 973 947 7111 / F 973 887 2700/ www.itfirm.law

Case 2:24-mc-00033-MEF-MAH   Document 1-1   Filed 05/10/24   Page 2 of 12 PageID: 4

District Court of New Jersey
*In re Subpoena to the U.S. Department of Health and Human Services, Office of Inspector General,*
Misc. Case No.:
May 10, 2024
Page 2

Services ("HHS"), Office of Inspector General ("OIG") for the production of certain documents.

For the reasons that follow, it is respectfully submitted and requested that the District Court for the District of New Jersey issue the Subpoena in the form attached to the Declaration of Joseph M. Franck, Esq. ("Franck Decl.") as **EXHIBIT "A"** and assign a Miscellaneous Case Number to this matter.

## BRIEF PROCEDURAL HISTORY

As both the procedural and factual history are substantial, a brief recitation is as follows:

On July 11, 2019, the County filed a First Amended Complaint against the State of New Jersey ("State"), Department of Human Services ("DHS") in the Superior Court of New Jersey, Mercer County Law Division (the "Superior Court"), styled *Morris County v. State of New Jersey, Department of Human Services,* under docket no. MER-L-684-19 (the "Complaint") relative to its claims that DHS did not provide the County with all amounts due as identified under the Federal American Recovery and Reinvestment Act of 2009, P.L. 11-5, 123 Stat. 115 ("Recovery Act" or "ARRA"). *See* Complaint attached to the Franck Decl. as **EXHIBIT "B."**

Case 2:24-mc-00033-MEF-MAH   Document 1-1   Filed 05/10/24   Page 3 of 12 PageID: 5

District Court of New Jersey
*In re Subpoena to the U.S. Department of Health and Human Services, Office of Inspector General,*
Misc. Case No.:
May 10, 2024
Page 3

At present, the matter is still before the Superior Court. However, pursuant to the Primary Jurisdiction Doctrine, the matter has been referred to the DHS, Division of Medical Assistance and Health Services ("DMAHS") for fact-finding. *See* the July 27, 2021 Appellate Division Opinion in *Morris County v. State of New Jersey, Department of Human Services*, Appellate Docket No. A-1906-19 attached to the Franck Decl. as **EXHIBIT "C."** In that opinion, the Appellate Division noted that "[a] 'pivotal aspect' of plaintiff's claims is the underlying calculations and factual findings regarding the State's compliance with the political subdivision requirement during the extension period and the possible impact of the 2006 audit recoupment on the OIG's prior calculations…" *Id.* at p. 19 (internal citations omitted).

In this regard, during a discovery dispute, DHS's Counsel has also represented that:

> Respondent [DHS] does not independently track the county share as Respondent [DHS] pays the county nursing homes the state and federal share on a per diem basis every month. Respondent relied upon the results of the **OIG Audit** to allocate proportionately to each county the amounts owed for the ARRA extension period. **Any inquiry about the county share…should be directed toward OIG**".
>
> [*See* DHS's Counsel's February 1, 2023 submission attached to the Franck Decl. as **EXHIBIT "D"** (emphasis added).]

Case 2:24-mc-00033-MEF-MAH   Document 1-1   Filed 05/10/24   Page 4 of 12 PageID: 6

District Court of New Jersey
*In re Subpoena to the U.S. Department of Health and Human Services, Office of Inspector General,*
Misc. Case No.:
May 10, 2024
Page 4

Thus, DHS—having represented that it does not have the information sought and that the same should be directly obtained from the OIG—the within Petition for the Subpoena to OIG now follows.

## BRIEF FACTUAL HISTORY

In New Jersey, the State's Medicaid program is jointly contributed to by the Federal Government, the State, and the State's political subdivisions, such as the County—it is not simply a joint contribution between the Federal Government and State. *See* the Amended Complaint attached to the Franck Decl. as **EXHIBIT "B"** at p. 2, ¶¶5-6. Thus, the County contributes to the State's portion of Medicaid expenditures. *Id.* at ¶6. The Centers for Medicare and Medicaid Services ("CMS") is a division of HHS and is the Federal agency that oversees and administers the Medicaid program in the State. *Id*. at p. 2, ¶12.

In 2008, ARRA was enacted by the United States Congress. *Id.* at p. 3, ¶13. In short, ARRA provided the State with $2,100,000,000.00 in enhanced Federal funding provided that the State did not make its political subdivisions, such as the County, contribute more towards the State's portion of Medicaid expenditures. *Id.* at ¶¶14-23. However, the State retained this enhanced federal

Case 2:24-mc-00033-MEF-MAH   Document 1-1   Filed 05/10/24   Page 5 of 12 PageID: 7

District Court of New Jersey
*In re Subpoena to the U.S. Department of Health and Human Services, Office of Inspector General,*
Misc. Case No.:
May 10, 2024
Page 5

funding and then also made the County contribute more than was required under ARRA. *Id.* at ¶¶24-25.

As a result of the State's misuse of the ARRA funds, the OIG which is a division within HHS and the Federal agency that enforces compliance under the Medicaid program, conducted an investigation assigned number A-02-11-01039 (the "Audit"). *Id.* at ¶29. In July 2014, OIG reduced its Audit findings to an audit report assigned number A-02-11-01029 and titled "New Jersey Did Not Comply with the Recovery Act Requirements for Receiving Increased Federal Medicaid Assistance" (the "OIG Report"). *Id.* at ¶27 and *see* OIG Report attached to the Franck Decl. as **EXHIBIT "E."** The OIG Report confirmed that the State had improperly increased the County's contributions towards the State's share of Medicaid expenditures and violated ARRA. Id. at ¶¶31-33.

On May 23, 2016, CMS sent a letter to the State directing that that the State reimburse its political subdivisions, including the County, $37,320,359.00 for forcing these political subdivisions to overfund the State's Medicaid program. *Id.* at ¶37. In early 2018, CMS was prepared to issue a notice of disallowance to the State in order to recoup all the ARRA funds which then resulted in the State, in or around May 2018, agreeing to reimburse the County

for all amounts owed. *Id.* at ¶¶46-47. However, the State failed to remit all amounts that were directed by CMS to be paid back to the County. *Id.* at ¶¶48-58.

As noted in the Complaint, the County has alleged causes of action against DHS, relative to the monies identifiable under ARRA, sounding in: (1) Conversion, *id.* at p. 18; (2) Breach of Contract, *id.* at p. 21; (3) Breach of the Covenant of Good Faith and Fair Dealing, *id.* at p. 22; and (4) Declaratory Judgment, *id.* at p. 25. As further noted in the Complaint, the County's damages are in excess of $529,191.06. *See e.g.*, *id* at p. 26. Additionally, as further reflected in the Complaint, DHS has continually stonewalled the County from obtaining information and prosecuting its claims. *Id.* at pp. 23-24.

## THE PETITION SHOULD BE GRANTED AND A SUBPOENA ISSUED TO OIG FOR DOCUMENTS

The County's Petition does not seek to assert a civil cause of action or complaint against OIG. Rather, as Counsel for the County has been advised by the District Court of New Jersey's staff, this letter submission and the within Petition only seek the issuance and, only in the event it is necessary, enforcement of a Subpoena to OIG for certain documents—including those that DHS has represented that it does not have and that DHS has expressly directed

Case 2:24-mc-00033-MEF-MAH   Document 1-1   Filed 05/10/24   Page 7 of 12 PageID: 9

District Court of New Jersey
*In re Subpoena to the U.S. Department of Health and Human Services, Office of Inspector General,*
Misc. Case No.:
May 10, 2024
Page 7

that the County obtain from the OIG which is a Federal agency over which only the Federal Courts, not the State Courts, have jurisdiction.

It has been noted that

> any effort to enforce a subpoena issued to a federal agency is considered process against the United States; yet the United States is immune from suit unless Congress consents for the United States to be sued…The United States has never waived its sovereign immunity from state court injunctive suits and '[a]bsent a waiver of sovereign immunity, a federal agency ... cannot be compel[led] ... to act.'… **The United States has only waived its sovereign immunity from suits requesting non-monetary relief in federal court**…As a result, state courts lack the authority to issue orders against federal agencies and employees.
>
> Ouritski v. Richard Catena Auto Wholesalers, A-2209-09T3, 2010 WL 4103537, at *2 (App. Div. Oct. 20, 2010)(internal citations omitted, emphasis added))².

Conversely, this Federal Court does has the jurisdiction to consider a subpoena issued to a federal agency, such as the OIG, even where the aforesaid federal agency is a non-party. *See e.g., United States ex rel. Ortiz v. Mount Sinai Hosp.*, 169 F. Supp. 3d 538, 546 (S.D.N.Y. 2016)("The Court ORDERS AND COMPELS the United States Department of Health and Human Services, Centers for Medicare and Medicaid Services, to disclose to plaintiff-relators the

---

² A copy of this unpublished decision is attached to the Franck Decl. at **EXHIBIT "F."**

Case 2:24-mc-00033-MEF-MAH   Document 1-1   Filed 05/10/24   Page 8 of 12 PageID: 10

District Court of New Jersey
*In re Subpoena to the U.S. Department of Health and Human Services, Office of Inspector General,*
Misc. Case No.:
May 10, 2024
Page 8

records requested in the subpoena described above, including records protected from disclosure by the Privacy Act, 5 U.S.C. § 552a *et seq.,* and regulations.")

Additionally, Federal Rule of Civil Procedure ("FRCP") 45 provides that a "subpoena must issue from the court where the action is pending." *See* FRCP 45(a)(2). Thus, the FRCP together with the prohibition of enforcing a State subpoena against a Federal agency—here the OIG—particularly at it relates to a Federal statute—here ARRA—informs the necessity for opening a Miscellaneous Proceeding for the limited purposes of the issuance and, if necessary, enforcement of a Federal Subpoena *Duces Tecum* to the OIG.

Furthermore, a Federal "subpoena may be served at **any place** within the United States." *See* FRCP §45(b)(2)(emphasis added). The Federal Rules of Civil Procedure further explain that for "place of compliance" a subpoena may command "production of documents, electronically stored information, or tangible things at a place **within 100 miles** of where the person **resides, is employed, or regularly transacts business** in person". *See* FRCP §45(c)(2)(A)(emphasis added). The FRCP also provides that

> [w]hen the court where compliance is required **did not issue the subpoena**, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court

Case 2:24-mc-00033-MEF-MAH   Document 1-1   Filed 05/10/24   Page 9 of 12 PageID: 11

District Court of New Jersey
*In re Subpoena to the U.S. Department of Health and Human Services, Office of Inspector General,*
Misc. Case No.:
May 10, 2024
Page 9

where the motion is made, the attorney may file papers and appear on the motion as an officer of the issuing court. **To enforce its order, the issuing court may transfer the order to the court were the motion was made**.

[*See* FRCP 45(f)(emphasis added).]

To be clear, at present, the within Petition is not seeking anything other than the opening of a Miscellaneous Case so that the Subpoena can be issued and then ultimately served on the OIG. Thus, as the aforesaid Subpoenas has not yet been issued or served, enforcement is not sought in connection with this instant correspondence. This proffer is to conform with HHS regulations which state that:

> Whenever a subpoena duces tecum has been served upon a DHHS employee or former employee commanding the production of any record, such person shall refer the subpoena to the Office of the General Counsel (including regional chief counsels) for a determination of the legal sufficiency of the subpoena, whether the subpoena was properly served, and whether the issuing court or other tribunal has jurisdiction over the Department.) If the General Counsel or his designee determines that the subpoena is **legally sufficient, the subpoena was properly served, and the tribunal has jurisdiction, the terms of the subpoena shall be complied with** unless affirmative action is taken by the Department to modify or quash the subpoena in accordance with Fed. R. Civ. P. 45 (c).

[45 C.F.R. § 2.5(a) (emphasis added)]

Here, this Honorable Federal Court does have jurisdiction over OIG, a Federal Agency, and this matter does relate to a Federal Statute, namely ARRA, for the purposes of identifying monies at issue. Furthermore, this application does not seek the imposition of any monetary relief against the OIG.

Further, the OIG has a field off located at J.K. Javits Federal Building, 26 Federal Plaza, New York, NY 10278 (the "OIG NY Field Office"). In addition to this Court having the ability to issue a subpoena that can be served anywhere in the United States, the OIG NY Field Office is only 33.9 miles from the place of production; namely, the County's Counsel's office located at 600 Parsippany Road, Suite 204, Parsippany, New Jersey 07054—well within the 100 mile limitation set forth in FRCP 45(c)(2)(A). However, it is anticipated that the production will likely be in electronic format which further alleviates costs and hardship considerations relative to the OIG.

Moreover, the documents sought are entirely relevant to the underlying issues and thus are in accordance with FRCP §26 which provides, in pertinent part, that parties may obtain any information that is

> relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether

Case 2:24-mc-00033-MEF-MAH   Document 1-1   Filed 05/10/24   Page 11 of 12 PageID: 13

District Court of New Jersey
*In re Subpoena to the U.S. Department of Health and Human Services, Office of Inspector General,*
Misc. Case No.:
May 10, 2024
Page 11

the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

[*See* FRCP §26(b)(1)]

Here, DHS has indicated that it does not have the information requested and, in fact, stated that "[a]ny inquiry about the county share…should be directed toward OIG". *See* DHS's Counsel's February 1, 2023 submission attached to the Franck Decl. as **EXHIBIT "D"** (emphasis added). Moreover, as noted in the Form of Subpoena attached to the Franck Decl. as **EXHIBIT "A"** that the County requests the Court issue, the documents sought relate directly and only to the County's claims as embodied in the Complaint. Without this Court's intervention, the County will continue to be prevented from obtain the information necessary to pursue its substantial claims against DHS, in excess of $500,000.00, all of which are limited to the claims at issue and would impose no hardships onto the OIG which already has mechanisms in place for addressing Federals Subpoenas.

As noted in the Certification of Service filed simultaneously herewith, the County has served this Petition on both the OIG and DHS's Counsel. Therefore, for these reasons, it is respectfully submitted that a Miscellaneous

District Court of New Jersey
*In re Subpoena to the U.S. Department of Health and Human Services, Office of Inspector General,*
Misc. Case No.:
May 10, 2024
Page 12

Case Number be opened and the Subpoena, in the form attached to the Franck Decl. as **EXHIBIT "A"**, be issued.

I thank the Court for its attention and consideration in this regard.

                Respectfully submitted,

                */s/Joseph M. Franck*
                Joseph M. Franck